IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yan Lyansky, | ) | C/A No.: 4:21-cv-1879-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Coastal Carolina University, and Dr. Michael H. Roberts, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 66.] For the reasons outlined herein, the court adopts the Report in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to initiating his action in this court, Plaintiff filed a complaint of disability discrimination with the Office for Civil Rights ("OCR") of the Department of Education ("DOE") against his former employer, Defendant Coastal Carolina University ("CCU"). [ECF No. 44-2.] OCR dismissed Plaintiff's complaint and declined to open an investigation. *Id*. Plaintiff appealed the dismissal to the DOE, and on September 3, 2020, the DOE issued a final agency decision affirming the dismissal. [ECF No. 43-3.]

On June 21, 2021, Plaintiff, proceeding *pro se*, commenced this action against CCU and Dr. Michael H Roberts, the Dean of the College of Science at CCU. Plaintiff alleges disability discrimination and retaliation pursuant to Titles VI and VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), Title II of the Americans with Disabilities Act

1

("ADA"), 42 U.S.C. § 12101; and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 790. [ECF No. 41, Am. Compl.] He also alleges various state-law based causes of action. *Id.*

On February 18, 2022, Defendants filed a motion to dismiss Plaintiff's Title VII and ADA causes of action pursuant to Rule 12(b)(6) for his failure to exhaust administrative remedies. [ECF No. 44]. On March 3, 2022, Plaintiff filed a response in opposition. [ECF No. 48.] Thereafter, the Magistrate Judge issued the Report that is the subject of this order. Therein, the Magistrate Judge recommends that the court grant Defendants' motion for dismissal to the extent it seeks dismissal of any claims Plaintiff brings pursuant to Title VII or Titles I or II of the ADA. [ECF No. 66.] Plaintiff filed objections to the Report on June 3, 2022, and Defendants did not file a response. [ECF No. 70.] The matter is thus ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation

2

omitted). A specific objection "requires more than a reasssertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The Report recommends dismissal of Plaintiff's Title VII and ADA causes of action. The court reviews the Report's recommendation and Plaintiff's objections as to each statute, in turn.

### I. Title VII

The Report's recommendation to dismiss Plaintiff's claims arising under Title VII is two-fold. First, the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies because he did not file a charge with the EEOC or the state-equivalent agency—in this case, the South Carolina Human Affairs Commission ("SCHAC")—as required under Title VII. [ECF No. 66 at 9 (citing 42 U.S.C. § 2000e–5(e)(1), (f)(1)).] Second, Plaintiff's claims concern his alleged disability, and Title VII does not apply to claims of discrimination, retaliation, or harassment based on the employee's *disability*. *See id.* at 10 (citing 42 U.S.C. § 2000e-2(a)(1) (prohibiting employment discrimination due to an "individual's race, color, religion, sex, or national origin")). Because Plaintiff's claims of disability discrimination, harassment, and failure to accommodate are not cognizable under Title VII, the Magistrate Judge considered the claims under the ADA, despite their Title VII label. *See* [ECF No. 66 at 12.]

3

In his objections, Plaintiff concedes that Title VII was "inappropriate in all instances" and bringing his claims under Title VII was in error. Thus, finding no objection to this portion of the Report or clear error, the court dismisses Plaintiff's claims brought under Title VII.

## II. ADA

Next, the court turns to Plaintiff's claims arising under the ADA. Plaintiff's amended complaint refers to his employment discrimination claims as brought under **Title II** of the ADA. The Magistrate Judge recommended dismissal of the claims because Fourth Circuit precedent is clear that Title II does *not* provide a vehicle for Plaintiff's employment discrimination claims against CCU. [ECF No. 66 at 12 (citing *Reyazuddin v. Montgomery County*, 789 F.3d 407, 421-22 (4th Cir. 2015)).] As Plaintiff concedes in his objections, his claims fall under Title I of the ADA.[1] [ECF No. 70 at 5.] However, to the extent that Plaintiff intended to assert claims in this action under Title I of the ADA, the Magistrate Judge found the claims nevertheless subject to dismissal because Title I incorporates the same administrative exhaustion requirements of Title VII that Plaintiff did not satisfy. *See* [ECF No. 66 at 12 (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002)); 42 U.S.C. § 12117(a)).]

Plaintiff's objections reassert his position that he exhausted his administrative remedies under the ADA by filing a complaint with the Department of Education's Office of Civil Rights (the "OCR"). Plaintiff maintains that OCR was the correct forum in which to file his disability discrimination claims, and he should not be penalized for OCR's failure to notify Defendants of the action. *See* [ECF No. 41 at 3–4.] However, as explained in the Report, OCR is not the correct

---

[1] Title I prohibits employment discrimination while Title II prohibits discrimination in providing public services. *See Reyazuddin*, 789 F.3d at 420-21.

4

agency for filing a Title I ADA employment-discrimination complaint.[2]  Plaintiff was required to file a charge with the EEOC or a state-equivalent agency, and the OCR does not satisfy either criterion.  *See* [ECF No. 66 at 9–11].  This requirement "'ensures that the employer is put on notice of the alleged violations,' thereby giving it a chance to address the alleged discrimination prior to litigation."  *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (quoting *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005)).  Because Plaintiff did not satisfy this exhaustion requirement, the court adopts the Report's recommendation to dismiss any causes of action Plaintiff purports to bring under Title I of the ADA.

In sum, any claims Plaintiff purports to bring under the ADA are dismissed because the court finds no clear error in the portion of the Report recommending dismissal of his Title II claims, and the court adopts, after a *de novo* review, the portion of the portion of the Report recommending dismissal of any Title I claims.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report, ECF No. 66, in its entirety and incorporates the Report by reference herein.  Therefore, it is the judgment of this court that Defendants' partial motion to dismiss, ECF No. 44, is **GRANTED**.  Accordingly, Plaintiff's causes of action arising under Title VII and the ADA are dismissed, and this matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

---

[2] The OCR has jurisdiction to investigate and enforce violations of *Title II* of the ADA, but as Plaintiff concedes, Title II is not the appropriate vehicle for his claims.  *See* [ECF No. 70 at 5.]

/s/ Sherri A. Lydon_____
United States District Judge

August 1, 2022
Columbia, South Carolina