IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Yan Lyansky, | ) | Case No.: 4:21-cv-1879-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Coastal Carolina University, and | ) | |
| Dr. Michael H. Roberts, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 165.)  Plaintiff Yan Lyansky ("Plaintiff" or "Lyansky"), proceeding *pro se*, brings this action against Defendants Coastal Carolina University and Dr. Michael H. Roberts (collectively "Defendants"), alleging disability discrimination and retaliation pursuant to Titles VI and VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 790.[2]  (DE 41.)  On March 7, 2024, Defendants filed a Motion for summary judgment as to the remaining

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]     On August 1, 2022, the Court granted Defendants' Motion for Partial Dismissal, dismissing the Title VII and Americans with Disabilities Act ("ADA") claims for failure to exhaust administrative remedies.  (*See* DE 75.)

1

causes of action contained within the Amended Complaint.³ (DE 157.) Plaintiff filed a response in opposition on April 1, 2024. (DE 162.)

The Report was issued on May 21, 2024, recommending that Defendants' Motion for Summary Judgment be granted. (DE 165.) Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 165) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment is granted as to all claims.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 21, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

³ The remaining federal claims appear to be claims made pursuant to "Title VI of the Civil Rights Act of 1964" and claims pursuant to "Section 504 of the Rehabilitation Act of 1973, 29, U.S.C. § 790."